UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THELMON F. STUCKEY, III,

        Petitioner,                          Civil No. 09-12463
                                                    Criminal No. 97-80625
v.                                                  Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        November 8, 2013

    PRESENT:  Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

        By opinion and order dated July 17, 2012, the Court adopted a report and recommendation by Magistrate Judge Paul J. Komives recommending the denial of Petitioner Thelmon F. Stuckey's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and also denied Petitioner's motion to amend his § 2255 petition on the ground that the new claims Petitioner wished to assert were either time-barred or futile. Through the present motion, Petitioner seeks reconsideration of this latter aspect of the Court's July 17 ruling, arguing that the new claims he proposes to pursue are timely under the "relation back" principle embodied in Fed. R. Civ. P. 15(c)(1) or

otherwise qualify for inclusion in his § 2255 motion. For the reasons stated below, the Court finds no basis for revisiting its prior rulings on these subjects.

Under Local Rule 7.1(h)(3) of this District,[1] the Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court" in its challenged decision. Petitioner's present motion is largely (if not entirely) defeated by this rule. First, to the extent that Petitioner renews his argument that the jury instructions at his trial did not comport with 18 U.S.C. § 1512(a)(1)(C) as this statute was recently construed in *Fowler v. United States,* 131 S. Ct. 2045 (2011), this argument rests upon precisely the same reading of *Fowler* that this Court has already rejected as "simply mistaken," (7/17/2012 Op. at 16). In particular, Petitioner again submits that § 1512(a)(1)(C), as interpreted in *Fowler,* "requires the government to prove [that] the witness (who was killed) intended to communicate with a federal officer." (Petitioner's Motion for Reconsideration, Ex. 3, Proposed Amended § 2255 Motion at ¶ 13(II).) As explained in the Court's July 17 ruling, however, *Fowler* "squarely reject[s] the notion that the Government might have to establish the ***victim's*** intent to communicate with a federal law enforcement officer." (7/17/2012 Op. at 18.) Petitioner's bare disagreement with this Court's reading of *Fowler* does not provide a basis for revisiting the Court's July 17 opinion. Similarly, while Petitioner insists, without any supporting argument, that his proposed new claims "do relate back" to the date of his original § 2255

---

[1]Although this is a local rule for civil cases, it has been made applicable to criminal cases pursuant to Local Criminal Rule 1.1 and Local Civil Rule 1.1(c) of this District.

filing, (Petitioner's Motion for Reconsideration at 1), he fails to even acknowledge the Supreme Court precedent that squarely addresses the principle of "relation back" as it applies to requests to amend § 2255 petitions, *see Mayle v. Felix,* 545 U.S. 644, 125 S. Ct. 2562 (2005), much less identify any purported defects in this Court's application of the *Mayle* standard to this case, (*see* 7/17/2012 Op. at 11-14).

In any event, Petitioner's arguments in support of his proposed new challenges to his conviction and sentence have not gained strength with repetition. Beyond rehashing his *Fowler*-based claim of error in the jury instructions, Petitioner identifies two additional claims that he wishes to append to his initial § 2255 motion. Yet, as to Petitioner's proposed due process challenge to pretrial restrictions imposed upon his access to discovery materials, the Court has already explained that this claim "is not eligible for relation back under the rule announced in *Mayle,*" where "the operative facts underlying this due process claim are wholly distinct from the facts and circumstances underlying the claims asserted in Petitioner's initial § 2255 motion." (7/17/2012 Op. at 14.) Petitioner's present motion and accompanying proposed motion to amend have nothing to say on this point, with Petitioner instead insisting that this due process claim was "newly discovered" in July of 2011 when he first saw the transcript of a February 6, 2003 *in camera* hearing at which the Court restricted Petitioner's pretrial access to certain trial-related materials. (Petitioner's Motion for Reconsideration, Ex. 2, Proposed Motion to Amend Habeas Petition at 3.) Again, however, the Court already addressed this claim of "newly discovered" facts in its July 17 ruling, observing that the February 6, 2003

3

hearing transcript was unsealed and made available on the public docket back in the fall of 2006, during Petitioner's direct appeal of his conviction. (*See* 7/17/2012 Op. at 14-15 n.15; *see also* 9/26/2006 Order at 1 (granting the Government's motion to unseal the transcripts of this and other hearings "in order to fully develop the record on appeal"); Docket No. 284, dated 11/20/2006 (unsealed transcript of February 6, 2003 hearing).) Indeed, soon after the Court granted the Government's request to unseal this and other transcripts, the Government added this transcript to the record on Petitioner's pending Sixth Circuit appeal. (*See* Sixth Circuit Case No. 05-1039, 5/17/2007 Suppl. Appendix Vol. 8.) Given Petitioner's ample, several-year opportunity to review a transcript that had been made a part of the public record, both before this Court and in the course of Petitioner's direct appeal, the Court again rejects Petitioner's contention that he promptly asserted a due process claim upon becoming aware of the "newly discovered" facts giving rise to this claim.[2]

---

[2]To the extent that Petitioner contends that he and his attorneys were laboring under the belief that some sort of "protective order" prevented him from reviewing the February 6, 2003 hearing transcript even after it was placed on the public docket, (*see* Petitioner's Motion for Reconsideration, Ex. 2, Proposed Motion to Amend Habeas Petition at 3), the plain language of the Court's September 26, 2006 order belies any such understanding. This order mandated without restriction that the transcripts of the February 6, 2003 hearing and other proceedings be unsealed, (9/26/2006 Order at 1), and the accompanying Government motion likewise requested this relief in order to "fully develop the record on appeal," (Gov't 9/21/2006 Motion at 2). In accordance with this order, the hearing transcript was placed on the public docket in this case in November of 2006, without any limitation to access, (*see* Docket No. 284), and it was likewise made part of the record on Petitioner's pending appeal, again without any evident restrictions on Petitioner's opportunity to review this transcript.

To be sure, in an earlier April 25, 2006 order, the Court had granted more limited access to the February 6, 2003 hearing transcript and certain other materials, stating that Petitioner's

Next, Petitioner proposes to amend his § 2255 motion to include an additional claim of prosecutorial misconduct, beyond the claims of prosecutorial misconduct raised in his initial motion. Yet, this new claim has been identified for the first time in the proposed motion to amend attached as an exhibit to Petitioner's motion for reconsideration, (*see* Petitioner's Motion for Reconsideration, Ex. 2, Proposed Motion to Amend Habeas Petition at 2), and it is well established that a motion for reconsideration is not a vehicle for "rais[ing] arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Moreover, the evidence in support of this claim of prosecutorial misconduct has been available to Petitioner since his 2004 trial, and Petitioner has not even attempted to explain his failure to include this claim in his initial § 2255 motion or in his earlier, prejudgment requests to amend this § 2255 petition. As the Sixth Circuit has explained, when a party seeks to add a new claim "after an adverse judgment," he

---

appellate counsel remained "subject to the same restrictions that the Court previously imposed on [Petitioner]'s trial counsel regarding the portions of this record that may and may not be shared with [Petitioner] himself." (4/25/2006 Order at 2.) Yet, the subsequent September 26, 2006 order plainly lifted these restrictions and granted unfettered access to the February 6, 2003 hearing transcript, as evidenced by the filing of this transcript on the public docket.

Indeed, Petitioner apparently does not view himself as prevented by any protective order from gaining access to the February 6, 2003 hearing transcript, as he acknowledges that he reviewed this transcript in 2011, despite the absence of any action taken by the Court between 2006 and 2011 that might have removed any purported restrictions on Petitioner's access to this transcript. To the extent that Petitioner might wish to blame one of his habeas attorneys for failing to advise him that he was free to consult this transcript as he prepared to file his § 2255 motion, the Court has already explained in its July 17 ruling that deficiencies in the performance of habeas counsel do not excuse a defendant's failure to timely assert a claim in support of a § 2255 challenge to a conviction or sentence. (*See* 7/17/2012 Op. at 13 n.14.)

must "shoulder a heavier burden" and "meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. United States Fish & Wildlife Service,* 616 F.3d 612, 616 (6th Cir. 2010); *see also Bender v. United States,* No. 07-3909, 372 F. App'x 638, 642 (Apr. 13, 2010) (applying this same rule to a post-judgment request to amend a § 2255 petition). Petitioner makes no effort in his present submissions to satisfy (or even acknowledge) this standard for post-judgment amendment of his § 2255 motion. Given Petitioner's undue and unexplained delay "resulting from a failure to incorporate previously available evidence," *Leisure Caviar,* 616 F.3d at 616 (internal quotation marks, alteration, and citation omitted), the Court readily concludes that Petitioner is not entitled to pursue his latest claim of prosecutorial misconduct.[3]

For these reasons,

---

[3] For what it is worth, Petitioner's current "hidden bullet" claim appears to be largely cumulative of the "missing bullet" challenge advanced in Petitioner's initial § 2255 motion and on his direct appeal from his conviction, as each of these claims rests upon the premise that evidence of additional bullets (or bullet holes) found at the scene of the murder of Ricardo Darbins would have undermined the Government's theory of the case based upon the testimony of Government witness Steven Felder. Given the Sixth Circuit's finding on direct appeal that Petitioner failed to "show[] that the purportedly missing bullet . . . was material evidence favorable to the defense," *United States v. Stuckey,* No. 05-1039, 253 F. App'x 468, 488 (6th Cir. Oct. 17, 2007), and given the Magistrate Judge's similar conclusion, as adopted and approved by this Court, that Petitioner could not establish prejudice resulting from his trial counsel's failure to pursue this "missing bullet" evidence, (*see* 6/21/2010 R & R at 18-19; *see also* 7/17/2012 Op. at 7-8), it is difficult to see how more one more piece of the very same sort of evidence could be deemed material to the defense, or how Petitioner could hope to show that he was prejudiced by his counsel's failure to pursue a "hidden bullet" claim of prosecutorial misconduct.

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's July 30, 2012 motion for reconsideration (docket #338) is DENIED.  IT IS FURTHER ORDERED that Petitioner's January 31, 2013 motion to lift protective order (docket #339) is DENIED AS MOOT, as any protective order posited in this motion ceased to be in effect as of the date of the Court's September 26, 2006 order, and Petitioner has failed to identify any materials in this case that he is presently restricted from accessing by virtue of any such protective order.  Finally, to the extent that Petitioner might seek and require a certificate of appealability in order to appeal from the rulings in the present order, IT IS FURTHER ORDERED that a certificate of appealability is DENIED for failure of Petitioner to demonstrate that the issues raised in his present motion are reasonably debatable or could be resolved in a different manner.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated:  November 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 8, 2013, by electronic and/or ordinary mail.

                                      s/Julie Owens
                                      Case Manager, (313) 234-5135