UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THELMON F. STUCKEY, III,

    Defendant.

Case No. 97-cr-80625-3
Hon. Matthew F. Leitman

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION (ECF No. 358)

On January 14, 2020, Defendant Thelmon F. Stuckey, III filed a Motion for a Sentence Reduction pursuant to Sections 401 and 404 of the First Step Act of 2018. (*See* Mot. for a Sentence Reduction, ECF No. 358.)  For the reasons explained below, Stuckey's motion is **DENIED**.

### I

On July 22, 2004, a jury convicted Stuckey on six counts: conspiracy to distribute cocaine and cocaine base, murder to prevent a person from providing information concerning a federal crime to federal authorities, conspiracy to launder monetary instruments, felon in possession of a firearm, witness tampering, and laundering of financial instruments. (*See* Verdict, ECF No. 217; Judgment, ECF No. 238.)  The trial court then sentenced Stuckey for each offense as follows: a term of

1

life imprisonment for conspiracy to distribute cocaine, a term of mandatory life imprisonment for murder of a government witness, terms of 240 months for both of his laundering-related offenses, a term of 120 months for felon in possession, and a term of 120 months for witness tampering. (*See* Judgment, ECF No. 238, PageID.991.) All of Stuckey's sentences were to be served concurrently. (*See* Sentence Hr'g Tr. at 62:2–63:2, ECF No. 273-2, PageID.4556.)

In 2018, Congress passed the First Step Act. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In relevant part, the First Step Act made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain cocaine-related offenses. (*See id.*; Resp., ECF No. 359, PageID.5707.)

Stuckey now moves to reduce his sentence for his cocaine-related offense based upon the First Step Act. (*See* Mot. for a Sentence Reduction, ECF No. 358, PageID.5666–5667.) According to Stuckey, the "Fair Sentencing Act of 2010, and the First Step Act of 2018, allows this Court to reduce the statutory penalty [for Stuckey's cocaine-related offense] from 10-years to LIFE imprisonment, to 5-years to 40-years imprisonment." (*Id.*, PageID.5671.)

## II

The Court declines to grant Stuckey's motion because, under the concurrent-sentence doctrine, reducing his cocaine-related sentence would have no effect on his overall sentence.

"Under the concurrent-sentence doctrine, an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction, the defendant will suffer no collateral consequence from the conviction, and the issue does not involve a significant question." *Raines v. United States*, 898 F.3d 680, 687 (6th Cir. 2018) (quotation omitted); *see also United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992) (applying the concurrent-sentence doctrine and noting that "[a] court should exercise its discretion not to review an issue where it is clear that there is no collateral consequence to the defendant and the issue does not otherwise involve a significant question meriting consideration"). Although the doctrine is rooted in direct appeals, federal district courts also may apply it when a petitioner attacks a sentence and where reducing or vacating that sentence would have no effect on the petitioner's overall sentence. *See, e.g.*, *United States v. Charles*, 932 F.3d 153, 155–62 (4th Cir. 2019) (affirming district court's application of the concurrent-sentence doctrine); *Carson v. United States*, No. 4:02-813, 2019 WL 4274454, at *5 (D.S.C. Sept. 10, 2019) (discussing *Charles* and concluding "that it is appropriate to apply the concurrent sentence doctrine here and . . . decline[] to rule on Petitioner's ACCA challenge"); *Brown v. Burt*, No. 18-716, 2018 WL 3802112, at *4 (W.D. Mich. Aug. 10, 2018) (applying the concurrent-sentence doctrine and declining to consider habeas petition attacking petitioner's five-year maximum

sentence for attempted arson because the petitioner was also concurrently serving a five-year felony firearm sentence).

Applying the concurrent-sentence doctrine here, the Court exercises its discretion to decline to review Stuckey's cocaine-related sentence. No matter what sentence the Court imposed for Stuckey's cocaine-related offenses at a resentencing, Stuckey would still be subject to a mandatory life sentence for his murder conviction.[1] Accordingly, under the concurrent-sentence doctrine, the Court declines to hear Stuckey's challenge to his cocaine-related conviction because it would have no effect on his overall punishment. *See Baskerville v. United States*, No. 13-5881, 2018 WL 5995501, at *37 (D.N.J., Nov. 15, 2018) (declining to review challenge to sentence for drug conviction that ran concurrent to mandatory life sentence).

The Court recognizes that the concurrent-sentence doctrine "is applicable only 'when there is *no possibility* of adverse "collateral consequences" if the conviction[] stand[s].'" *Lumsden v. Smith*, No. 06-14966, 2008 WL 3979494, at *5 (E.D. Mich.

---

[1] Stuckey was convicted of murdering a government witness in violation of 18 U.S.C. § 1512(a)(1)(C). (*See* Judgment, ECF No. 238, PageID.990.) That offense carried a mandatory life sentence at the time of his sentencing (*see* Sentencing Hr'g Tr. at 62:2–17, ECF No. 273-2, PageID.4555), and it continues to carry a mandatory life sentence today. *See* 18 U.S.C. § 1512(a)(3)(A) ("The punishment for an offense under this subsection is[,] in the case of a killing, the punishment provided in sections 1111 [for murder] and sections 1112 [for manslaughter] . . . ."); 18 U.S.C. § 1111(a)–(b) ("Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life . . . .").

Aug. 25, 2008) (emphasis in original) (quoting *Winn v. Renico*, 175 F. App'x 728, 732 (6th Cir. 2006)). That is why, after the Government raised the concurrent-sentence doctrine in its opposition to Stuckey's motion, the Court gave Stuckey an opportunity to explain how reducing his sentence for his cocaine-related conviction could possibly benefit him notwithstanding his concurrent mandatory life sentence:

> The Court directs Stuckey to respond to [the Government's argument in its response brief that, under the concurrent-sentence doctrine, the Court need not review Stuckey's cocaine-related offense] in a reply brief and to address in that reply, among other things, whether vacating the drug conviction would spare Stuckey from suffering any consequences. Stated another way, the Court directs Stuckey to identify all of the benefits to him, if any, of vacating the drug conviction at issue.

(Order Requiring Reply, ECF No. 363, PageID.5725–5726.)

In response, Stuckey identified the following benefits:

> Defendant respectfully identifies all the benefits to him, of vacating the drug conviction at issue, to wit: Count One of the Third Superseding Indictment, as Defendant was convicted of both 50 grams or more of cocaine base, and 5 kilograms or more of cocaine, a "covered offense," and under the First Step Act context:
>
> a. Defendant has a "covered offense";
>
> b. Section 404 of the First Step Act authorizes courts to conduct a resentencing hearing at which the defendant can be present, absent a waiver. See, e.g., Hicks v. United States, 139 S.Ct. 2000 (2019) ("Hicks is entitled to a sentence consistent with 18 U.S.C. 3553(a)'s parsimony provision");

  c. Another benefit for Defendant would be that at any resentencing, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." See, Pepper v. United States, 562 U.S. 476, 490 (2011);

  d. A further benefit of a new judgment on the "covered offense" would entitle Defendant to the opportunity to file a "second-in-time" 2255 Motion, due to any intervening judgment, if any further case developments would metastasize. See, Panetti v. Quaterman, 551 U.S. 930, 945 (2007) (distinguishing "second or successive" vis-a-vis "second-in-time" 2255 motions);

  e. Finally, by sentencing on the drug conviction at issue, the district court had fashioned a sentence as a whole for all convictions, and ran the sentences concurrently.  This court would also have the authority and could exercise its discretion in the First Step Act context to unbundle the sentences and resentence on all counts. See, e.g., United States v. Williams, No. 02-Cr-548-03 (D.S.C. July 19, 2019) (Judge Currie held that Williams' eligibility on Count One, the "covered offense," allowed the court to exercise its authority and discretion to unbundle the sentence and resentence on all counts)[.]

(Reply, ECF No. 364, PageID.5727–5729.)

  The Court appreciates Stuckey's effort to demonstrate how a resentencing on his cocaine-related conviction would benefit him, but the Court is not persuaded that Stuckey would, in fact, benefit from such a resentencing.  Simply put, Stuckey has not demonstrated how a resentencing on the cocaine-related conviction would allow

6

him to avoid the mandatory life sentence that accompanies his murder conviction. Nor has he identified any adverse consequence that he would avoid if the Court resentenced him on his cocaine-related offense.

Moreover, Stuckey has not identified an issue of legal significance that warrants deciding even though doing so would have no impact on his overall sentence.

For all of these reasons, the Court exercises its discretion under the concurrent-sentence doctrine to decline to review Stuckey's cocaine-related sentence.

### III

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that Stuckey's Motion for a Sentence Reduction (ECF No. 358) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 29, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764